**FILED**

**JANUARY 11, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, | ) ) ) ) ) ) ) ) ) | **08 C 250** |
| Plaintiffs, | ) | Case No. |
| v. | ) ) | **JUDGE ASPEN** |
| B & M INTERNATIONAL CONSTRUCTION INC., an Illinois corporation, and PAWEL MALECKI, individually, | ) ) ) ) | Judge  **MAGISTRATE JUDGE DENLOW** |
| Defendants. | ) | |

### COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity

(collectively "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the

Funds, by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy N.

Carollo and Charles Ingrassia, for their Complaint against Defendants B & M International

Construction Inc., an Illinois corporation, and Pawel Malecki, individually, state:

### COUNT I

### (Failure To Submit Reports and/or Pay Employee Benefit Contributions)

For a cause of action against Defendant B & M International Construction, Inc:

1.      Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331.

2.    Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.    The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4.    Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.    Defendant B & M International Construction, Inc., (hereinafter referred to as " B & M" or the "Company") is an Illinois corporation. The Company does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.    Defendant Pawel Malecki ("Malecki") is, and was at all times relevant herein, an officer and shareholder of the Company.

7.    The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company are parties to a collective bargaining agreements which became effective June 1, 2006. ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company which Agreement adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as **Exhibit A**.)

8.    The Funds have been duly authorized by the construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the Builders' Association of Greater Chicago ("BAC"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Illinois Road Builders Association ("IRBA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCMC"), and the Illinois Small Pavers Association ("ISPA") to act as an agent in the collection of contributions due to those funds.

9.    The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered

under the Agreement and the amount of contributions to be remitted to the Funds on behalf of

each covered employee. Pursuant to the terms of the Agreement and the Funds' respective

Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion

are assessed up to 20 percent liquidated damages plus interest.

10.    The Agreement and the Funds' respective Agreements and Declarations of Trust

require the Company to submit its books and records to the Funds on demand for an audit to

determine benefit contribution compliance.

11.    The Agreement obligates the Company to obtain and maintain a surety bond to

insure future wages, pension and welfare contributions.

12.    Notwithstanding the obligations imposed by the Agreement and the Funds'

respective Agreements and Declarations of Trust, the Company has:

(a)    failed to submit reports and contributions to Plaintiff Laborers' Pension Fund for

the period of October 2007 and December 2007 forward, thereby depriving the Laborers'

Pension Fund of contributions, income and information needed to administer the Fund and

jeopardizing the pension benefits of the participants and beneficiaries;

(b)    failed to submit reports and contributions to Plaintiff Laborers' Welfare Fund of

the Health and Welfare Department of the Construction and General Laborers' District Council

of Chicago and Vicinity for the period of October 2007 and December 2007 forward, thereby

depriving the Welfare Fund of contributions, income and information needed to administer the

Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)    failed to submit reports and contributions to Laborers' Training Fund for the

period of October 2007 and December 2007 forward, thereby depriving the Laborers' Training

Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(d)    failed to report and pay all contributions owed to one or more of the other affiliated funds identified above for the period of October 2007 and December 2007 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries; and

(e)    failed to obtain and maintain a surety bond in accordance with the terms of the Agreement.

13.    The Company also failed to fully pay benefit contributions for the month of June 2007. As a result, the Company owes $4,327.44 in unpaid contributions to the Funds and $851.76 in associated liquidated damages.

14.    The Company's actions in failing to make timely reports and contributions, failing to fully pay reported contributions, and failing to obtain and maintain a surety bond violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

15.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest, liquidated damages and accumulated liquidated damages on the unpaid contributions, audit costs, if any, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant B & M International Construction, Inc., as follows:

a.    ordering the Company to submit benefit reports and contributions for the time period of October 2007 and December 2007 forward, and to submit the Company's books and records to an audit upon demand;

b.    entering judgment in sum certain against Defendants on the amounts due and owing pursuant to the October 2007 and December 2007 forward reports and contributions, audit if any, including interest, liquidated damages, accumulated liquidated damages, audit costs, and attorneys' fees and costs;

c.    ordering the Company to pay $4,327.44 in unpaid benefit contributions for the period of June 2007 and $851.76 in associated liquidated damages as a result of the delinquent payment.

d.    ordering the Company to obtain and maintain a surety bond; and

e.    awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Submit Reports and Pay Union Dues)

For a cause of action against Defendant B & M International Construction, Inc:

16.    Plaintiffs reallege paragraphs 1 through 11 of Count I.

17.    Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.  Union dues which are not submitted in a timely fashion are assessed 10 percent liquidated damages.

18. Notwithstanding the obligations imposed by the Agreement, the Company failed to pay union dues for the month of August 2007 and failed to timely pay union dues for the month of October 2007. As a result, the Company owes $220.00 in unpaid union dues and accumulated liquidated damages for the period of August 2007 and $13.82 in accumulated liquidated damages for untimely paid union dues for the period of October 2007.

19. Pursuant to the Agreement, the Company is liable to the Funds for the unpaid union dues, as well as liquidated damages, accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant B & M International Construction, Inc., for the amounts of $220.00 for unpaid union dues and accumulated liquidated damages for the period of August 2007 and $13.82 in accumulated liquidated damages as a result of untimely paid Union dues for the period of October 2007, together with all liquidated damages, audit costs, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

## COUNT III

### (Failure To Pay Employee Benefit Contributions)

For a cause of action against Defendant B & M International Construction, Inc:

20. Plaintiffs reallege paragraphs 1 through 11 of Count I; and paragraphs 16 through 19 of Count II.

21. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has, as shown in a true and

accurate copy of the audit conducted of the Company for the period of February 1, 2004 through

October 31, 2007 attached hereto as **Exhibit B** with a true and accurate copy of the audit

summary sheet attached as **Exhibit B-1**:

      (a)     failed to report and pay contributions in the amount of $3,250.21 owed to Plaintiff

Laborers' Pension Fund for the audit period of February 1, 2004 through October 31, 2007,

thereby depriving the Laborers' Pension Fund of contributions, income and information needed

to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

      (b)     failed to report and pay contributions in the amount of $4,881.09 owed to Plaintiff

Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General

Laborers' District Council of Chicago and Vicinity for the period of February 1, 2004 through

October 31, 2007, thereby depriving the Welfare Fund of contributions, income and information

needed to administer the Fund and jeopardizing the health and welfare benefits of the participants

and beneficiaries;

      (c)     failed to report and pay contributions in the amount of $123.90 owed to Laborers'

Training Fund for the period of February 1, 2004 through October 31, 2007, thereby depriving

the Laborers' Training Fund of contributions, income and information needed to administer the

Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

      (d)     failed to report and pay contributions in the amount of $63.13 owed to the

Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC") for the

audit period of February 1, 2004 through October 31, 2007, thereby depriving the LDCLMCC of

contributions, income and information needed to administer the Fund and jeopardizing the

benefits of the participants and beneficiaries;

8

(e)     failed to report and pay contributions in the amount of $36.83 owed to the Midwest Construction Industry Advancement Fund ("MCIAF"), for the audit period of February 1, 2004 through October 31, 2007, thereby depriving MCIAF of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries; and

(f)     failed to report and pay contributions in the amount of $31.56 owed to Laborers' Employers' Cooperation and Education Trust ("LECET") for the audit period of February 1, 2004 through December 31, 2007, thereby depriving LECET of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries.

22.     Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company is obligated to pay up to 20 percent liquidated damages for all contributions which are not paid in a timely fashion, plus interest.  Accordingly, the Company owes $834.19 in liquidated damages to the Pension Fund, $1,204.22 in liquidated damages to the Welfare Fund, $17.32 in liquidated damages to the Training Fund, $6.31 in liquidated damages to LDCLMCC, $4.78 in liquidated damages to MCIAF, $3.16 in liquidated damages to LECET, plus interest, on the amounts set forth in paragraph 21.

23.     Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company is obligated to pay the costs of any audit which reveals unpaid contributions.  The cost of the audit which revealed the foregoing delinquencies was $1,295.00.

24.    The Company's actions in failing to timely submit contributions violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA.  29 U.S.C. §185.

25.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest, liquidated damages, accumulated liquidated damages on the unpaid contributions, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant B & M International Construction, Inc., as follows:

a.    entering judgment in sum certain against Defendant on the amounts due and owing pursuant to the January 1, 2002 through December 31, 2004 audit including interest, liquidated damages, accumulated liquidated damages, audit costs, and attorneys' fees and costs; and

b.    awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT IV

### (Failure To Pay Union Dues)

For a cause of action against Defendant B & M International Construction, Inc:

26.    Plaintiffs reallege paragraphs 1 through 11 of Count I; paragraphs 16 through 19 of Count II; and paragraphs 20 through 25 of Count III.

27.     Notwithstanding the obligations imposed by the Agreement, the Company has failed to withhold and/or report to the union and forward to the union $341.19 in dues that were deducted or should have been deducted from the wages of its employees for the audit period of February 1, 2004 through October 31, 2007, plus $34.12 in liquidated damages on that amount, thereby depriving the Union of income and information.

28.     Pursuant to the Agreement, the Company is liable to the Funds for the unpaid union dues, as well as liquidated damages on the unpaid dues and on late paid dues, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant B & M International Construction, Inc., for the amount of the union dues owed to date together with all liquidated damages, audit costs, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

## COUNT V

### (Violation of Illinois Wage Payment and Collection Act)

For a cause of action against Defendants B & M International Construction, Inc., and Pawel Malecki:

29.     Plaintiffs reallege paragraphs 1 through 11 of Count I; paragraphs 16 through 19 of Count II; paragraphs 20 through 25 of Count III; and paragraphs 26-29 of Count IV.

30.     This Court has supplemental jurisdiction over this Count pursuant to 28 U.S.C. § 1367.

31.     Venue is proper pursuant to 28 U.S.C. § 1391(b).

11

32.    During the period of February 1, 2004 through October 31, 2007, Defendant Company's employees performed work for the Company and earned wages.

33.    Employees of the Defendant Company performing work defined as covered under the terms of the Agreement executed written assignments authorizing and directing the Defendant Company to withhold monies from their wages for remittance to the Union in satisfaction of dues and fee obligations.

34.    For the period of February 1, 2004 through October 31, 2007, the Company deducted dues from the wages of its employees pursuant to the wage deductions signed by the employees but failed to properly remit the payments to the Union.

35.    Plaintiffs have demanded payment of the amounts due to the Union but the Company has failed to remit payment of those amounts.

36.    Defendant Company's conduct violates the Illinois Wage and Payment Collection Act, 820 ILCS 115/1 et seq.

37.    At all times material, Defendant Malecki acted directly in the interest of Defendant Company in relation to its employees.

38.    At all times material, Defendant Malecki controlled the terms of employment of Defendant Company's employees and exercised control over the payment of wages and the withholding of monies from the employees' wages.

39.    At all times relevant, Defendant Malecki controlled disbursements made by Defendant Company including the issuance of payroll checks and the remittance of dues to the Union.

40.      Defendant Malecki knowingly permitted Defendant Company to retain the wages withheld from such employees' paychecks rather than remitting said funds to the Union.

41.      Defendant Malecki knowingly and actively conducted or participated in the actions of Defendant Company alleged above causing injury to the Union.  As such, Defendant Malecki is an "employer" as defined in the Illinois Wage Payment and Collection Act, 820 ILCS 115/13, and is personally liable for the failure to properly deduct monies from employees' wages and remit those monies to the Union for the payment of dues.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of the Plaintiffs and against Defendants B & M International Construction, Inc., and Pawel Malecki for the amount of union dues owed for the period of February 1, 2004 through October 31, 2007, plus ten percent liquidated damages and the Funds' reasonable attorneys' fees and costs pursuant to 820 ILCS 115/13 and the Attorneys Fees in Wage Actions Act, 705 ILCS 225/1.  Plaintiffs also request that this Court grant such other legal and equitable relief as this Court deems just and proper.

**COUNT VI**

**(Conversion)**

For a cause of action against Defendants B & M International Construction, Inc., and Pawel  Malecki:

42.      Plaintiffs reallege paragraphs 1 through 11 of Count I; paragraphs 16 through 19 of Count II; paragraphs 20 through 25 of Count III; paragraphs 26 through 29 of Count IV;  and paragraphs 30 through 42 of Count V.

13

43.    Pursuant to the wage assignments executed by each of the Defendant Company's employees, the Union has a right to immediate possession of those monies on the tenth day of the month following the month in which the wages were earned and the deductions were made from employees' wages.

44.    For the period of February 1, 2004 through October 31, 2007, Defendants Company and Malecki deducted and withheld dues from employees' wages and appropriated that money for their own use and benefit thereby depriving the Union of its property. At that time, Defendants Company and Malecki were without right to possession of those monies withheld from the employees' wages.

45.    Through the actions enumerated above, Defendants Company and Malecki have wrongfully converted the Union's property and should be justly required to pay the Union the full value of that property.

WHEREFORE, Plaintiffs request that this Court enter Judgment in favor of Plaintiffs and against Defendants B & M International Construction, Inc., and Pawel Malecki jointly and severally for the amount of all monies wrongfully converted, and such other relief that is equitable and just.

January 10, 2008

Laborers' Pension Fund, et al.

By: _____
Charles Ingrassia

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy Carollo

14

Charles Ingrassia
Laborers' Pension and Welfare Funds
Sub Office, 111 W. Jackson Blvd.
Suite 1415
Chicago, IL  60604
(312) 692-1540

15

**HEADQUARTERS OF**

# Construction & General Laborers'
# District Council of Chicago and Vicinity

**Affiliated with the Laborers International Union of North America, A.F. of L. – C.I.O. –**
6121 WEST DIVERSEY AVENUE - CHICAGO, ILLINOIS 60639 - PHONE: 773-237-7537 - FAX: 773-237-3417

LOCALS 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092

## INDEPENDENT CONSTRUCTION INDUSTRY
## COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between __B & M INTERNATIONAL CONSTR. Inc.__ herein called the "EMPLOYER", and the CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, herein called the "UNION", representing and encompassing Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092 and encompassing the geographical areas of the counties of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone, in the State of Illinois, together with any other locals which may come within the jurisdiction of the UNION, that:

1. EMPLOYER, in response to the UNION's claim that it represents an uncoerced majority of each EMPLOYER's laborer employees, acknowledges and agrees that there is no good faith doubt that the UNION has been authorized to and in fact does represent such majority of laborer employees. Therefore, the UNION is hereby recognized as the sole and exclusive collective bargaining representative for the employees now or hereafter employed in the bargaining unit with respect to wages, hours of work and other terms and conditions of employment in accordance with Section 9 of the National Labor Relations Act without the need for a Board certified election.

2. The EMPLOYER affirms and adopts the Collective Bargaining Agreements between the UNION and the Builders Association of Chicago and Vicinity, the Illinois Road Builders Association, the Underground Contractors Association, the Mason Contractors Association of Greater Chicago, the Concrete Contractors Association of Greater Chicago, G.C.C.M.I./C.A.W.C.C., the Lake County Contractors Association, the Contractors Association of Will and Grundy Counties, the Fox Valley General Contractors Association, the Chicago Demolition Contractors' Association, the Illinois Environmental Contractors Association, and all other Associations with whom the District Council or any of its affiliated local unions has a duly negotiated agreement, and re-establishes all agreements from June 1, 1976 together with all amendments thereto. Where no current Association agreement is negotiated, the terms of the most recent expired agreement are incorporated herein with all terms, conditions and dates extended for the duration hereof, until a current agreement exists that shall be incorporated retroactively herein. It is further agreed that a contractor works in the jurisdiction of any local UNION, then the Association agreement covering the local UNION is herein specifically incorporated in this agreement and shall supersede the standard District Council agreements in the case of any conflict between the District Council agreement and the local Association agreement. Nothing herein shall limit the jurisdiction of this Agreement to less than that provided in this Agreement.

The EMPLOYER agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, the LABORERS' PENSION FUND, the CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY TRAINING TRUST FUND, the CHICAGO AREA LABORERS-EMPLOYERS COOPERATION EDUCATION TRUST ("LECET"), and to all other designated Union-affiliated benefit funds, and to becomes bound by and be considered a party to the Agreements and Declarations of Trust creating said Trust Funds as if it had signed the original copies of the Trust instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall together with their successor Trustees, designated in the manner provided in said Agreements and Declaration of Trusts and jointly with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the Trust instruments.

The EMPLOYER affirms and re-establishes that all prior contributions paid to the Welfare, Pension, Training and LECET Funds were made by duly authorized agents of the EMPLOYER at all proper rates, for the appropriate periods of time, and that by making said prior contributions the EMPLOYER evidences the intent to be bound by the terms of this Trust Agreement and Collective Bargaining Agreements which were operative at the time the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements.

4. Employees covered by this Working Agreement shall retain all the work traditionally performed by members of the UNION. The EMPLOYER agrees that it will not cause any such traditional performed work to be done at a construction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the UNION. Any EMPLOYER, whether acting as a contractor, general manager or developer, who contracts out or sublets any of the work coming within the jurisdiction of the UNION, shall assume the obligations of any such subcontractor for prompt payment of employees' wages and other benefits, including reasonable attorneys' fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the EMPLOYER's violation of any provision of this paragraph will give the UNION the right to take any other lawful action, including all remedies at law or equity.

5. In the event of any change in the ownership, management or operation of the EMPLOYER's business by sale or otherwise, it is agreed that as a condition of such transfer or change that the new owner and management shall be fully bound by the terms of this Agreement. This Agreement is applicable to all successors and transferees of the EMPLOYER, whether corporate or otherwise. The EMPLOYER shall provide ten (10) days prior notice to the Union of the sale or transfer.

6. The negotiated wage and fringe benefit contribution rates in the various Collective Bargaining Agreements are as follows:

| | |
|---|---|
| June 1, 1998 | $23.35 Per Hour Wages |
| to | $ 3.27 Per Hour Health and Welfare Fund |
| | $ 2.05 Per Hour Pension Fund |
| May 31, 1999 | $ .10 Per Hour Training Fund (plus additional amounts in Association agreement) |
| | $ .02 Per Hour MCIAF (if applicable in Association agreement) |
| | $ .02 Per Hour LECET (to be deducted from MCIAF if LECET contribution is not provided in Association agreement) |
| | $ .01 Per Hour Chicagoland Safety Council (if applicable) |
| | In addition, the Employer shall pay other amounts if provided in appropriate Association agreements for industry funds. |
| June 1, 1999 | $ 1.25 Per Hour Increase for the year June 1, 1999 through May 31, 2000 to be allocated between wages and fringe benefits by the Union in its sole discretion. |
| to | |
| May 31, 2000 | Welfare, Pension, Training and LECET Funds contributions to remain the same unless additional sums are allocated. |
| June 1, 2000 | $ 1.35 Per Hour increase for the year June 1, 2000 through May 31, 2001, to be allocated between wages and fringe benefits by the Union in its sole discretion. |
| to | |
| May 31, 2001 | Welfare, Pension, Training and LECET Funds contributions remain the same unless additional sums are allocated. |

All additional wage rates, dues checkoff, and fringe benefits that are negotiated or become effective after May 31, 2001, shall be incorporated in this Memorandum of Agreement.

7. Effective June 1, 1998, all EMPLOYERS covered by this Memorandum of Agreement incorporating the various Collective Bargaining Agreements shall deduct from the wages of employees covered by the said contract, uniform working dues in the amount of 1.5% of gross wages, or as determined by the UNION, and shall remit monthly to the UNION office designated to the EMPLOYER by the District Council the sums so deducted, together with an accurate list of employees from whose wages and dues were deducted and the amounts applicable to each employee, not later than the 15th day of the month following the month for which said deductions were made.

8. It is the intention of the parties that such deductions shall comply with the requirements of Section 302(c)(4) of the Labor Management Relations Act of 1947, as amended and such deductions be made only pursuant to written agreements from each employee on whose account such deductions are made, which assignment shall not be irrevocable for a period of more than one year or beyond the termination date of the Memorandum of Agreement, whichever occurs sooner.

9. This Agreement shall remain in full force and effect through May 31, 2001 (unless an applicable Association agreement is of longer duration) and shall continue thereafter unless there has been given written notice, by registered or certified mail by either party hereto, received not less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such notice the EMPLOYER and the UNION agree to be bound by the new area-wide negotiated contracts with the various Associations incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated contracts.

10. The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete Joint Working Agreement. Upon request of the UNION, the EMPLOYER shall execute another agreement that reflects the final contract settlements incorporated herein.

Dated __10 - 6 - 99__
　　　month / day　　　year

ACCEPTED:
Laborers' Local Union No. __1 ONE__

By: _____

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: _____
Robert E. Bloch, Trustee

For Office Use Only: _____

__B & M INTERNATIONAL CONSTR. INC.__
(Employer)

By: __PAUL MALECKI　PRESIDENT__
(Print Name and Title)

_____
(Signature)

__1010 N. HOYNE__
(Address)

__CHICAGO IL 60677__
(City, State and Zip Code)

__773 - 276 - 6303__
(Telephone)

TRUST FUND

EXHIBIT
A

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
B & M INTERNATIONAL CONSTRUCTION
Case #: ChLab-1007-1520        Year Ended: May, 2004
Contract: CCA & *CCA

Levinson Simon & Sprung, P.C.
Detail Report
Report Date: 12/13/2007

Contributions computed by Amount per Hour

| SSN | Name | JUN 2003 | JUL 2003 | AUG 2003 | SEP 2003 | OCT 2003 | NOV 2003 | DEC 2003 | JAN 2004 | FEB 2004 | MAR 2004 | APR 2004 | MAY 2004 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | * HRYSKO, IHOR | | | | | | | | | | 1.00 | | | 1.00 |
| | Total Hours | | | | | | | | | | 1.00 | | | 1.00 |

Rate Table

| | | JUN 2003 | JUL 2003 | AUG 2003 | SEP 2003 | OCT 2003 | NOV 2003 | DEC 2003 | JAN 2004 | FEB 2004 | MAR 2004 | APR 2004 | MAY 2004 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | $4.1700 | | | | | | | | | | 4.17 | | | 4.17 |
| Pension Fund | $3.3800 | | | | | | | | | | 3.38 | | | 3.38 |
| Training Fund | $0.1700 | | | | | | | | | | .17 | | | .17 |
| PAF | $0.0700 | | | | | | | | | | .07 | | | .07 |
| LDCLMCC | $0.1200 | | | | | | | | | | .12 | | | .12 |
| LECET | $0.0600 | | | | | | | | | | .06 | | | .06 |
| Total | | | | | | | | | | | 7.97 | | | 7.97 |

EXHIBIT
B

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
B & M INTERNATIONAL CONSTRUCTION
Case #: ChLab-1007-1520    Year Ended: May, 2004
Contract: CCA & *CCA

Levinson Simon & Sprung, P.C.
Detail Report
Report Date: 12/13/2007

Page:
Employee:
Fax From

Contributions computed as Percentage of Dollars Paid

| SSN | Name | JUN 2003 | JUL 2003 | AUG 2003 | SEP 2003 | OCT 2003 | NOV 2003 | DEC 2003 | JAN 2004 | FEB 2004 | MAR 2004 | APR 2004 | MAY 2004 | To |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | *HRYSKO, THOR | | | | | | | | | | | | | |
| | Total Dollars Paid | | | | | | | | | | 29.00 | | | |
| | | | | | | | | | | | 29.00 | | | |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 1.7500% | | | | | | | | | | .51 | | | |
| Total | | | | | | | | | | | .51 | | | |

**Levinson Simon & Sprung, P.C.**
**Detail Report**
**Report Date: 12/13/2007**

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
B & M INTERNATIONAL CONSTRUCTION
Case #: ChLab-1007-1520     Year Ended: May, 2005
Contract: CCA & *CCA

Contributions computed by Amount per Hour

Page 4 of x
Employees

| SSN | Name | JUN 2004 | JUL 2004 | AUG 2004 | SEP 2004 | OCT 2004 | NOV 2004 | DEC 2004 | JAN 2005 | FEB 2005 | MAR 2005 | APR 2005 | MAY 2005 | Tot |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | * DOMANOWSKI, A | | | | | | | | | | | | | |
| 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 | * DZEKEVICH, MAR | | | | | | | | | | | | | |
| 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 | * JELEN, JOZEF | | | | 56.00 | | | | | 2.00 | | 3.00 | | |
| | Total Hours | | | | 66.00 | | | | | 2.00 | | 3.00 | | |

**Rate Table**

| Rate Table | | JUN 2004 | JUL 2004 | AUG 2004 | SEP 2004 | OCT 2004 | NOV 2004 | DEC 2004 | JAN 2005 | FEB 2005 | MAR 2005 | APR 2005 | MAY 2005 | Tot |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | $6.3100 | | | | 353.36 | | | | | 12.62 | | 18.93 | | 38 |
| Pension Fund | $3.4400 | | | | 192.64 | | | | | 6.88 | | 10.32 | | 20 |
| Training Fund | $0.1700 | | | | 9.52 | | | | | .34 | | .51 | | 1 |
| IAF | $0.0700 | | | | 3.92 | | | | | .14 | | .21 | | |
| LDCLMCC | $0.1200 | | | | 6.72 | | | | | .24 | | .36 | | |
| LECET | $0.0600 | | | | 3.36 | | | | | .12 | | .18 | | |
| Total | | | | | 569.52 | | | | | 20.34 | | 30.51 | | 62 |

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
B & M INTERNATIONAL CONSTRUCTION

Case #: ChLab-1007-1520        Year Ended: May, 2005
Contract: CCA & *CCA

Levinson Simon & Sprung, P.C.
Detail Report
Report Date: 12/13/2007

Page 5
Employees

Contributions computed as Percentage of Dollars Paid

| SSN | Name | JUN 2004 | JUL 2004 | AUG 2004 | SEP 2004 | OCT 2004 | NOV 2004 | DEC 2004 | JAN 2005 | FEB 2005 | MAR 2005 | APR 2005 | MAY 2005 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | * DOMANOWSKI, A | | | | | | | | | | | 87.00 | | 87 |
| 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 | * DZEKEVICH, MAR | | | | | | | | | 58.00 | 101.50 | | | 159 |
| 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 | * JELEN, JOZEF | | | | 1,624.00 | | | | | | | | | 1,524 |
| | Total Dollars Paid | | | | 1,624.00 | | | | | 58.00 | 101.50 | 87.00 | | 1,870 |
| Dues | 1.7500% | | | | 28.42 | | | | | 1.02 | 1.78 | 1.52 | | 32 |
| Total | | | | | 28.42 | | | | | 1.02 | 1.78 | 1.52 | | 32 |

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
B & M INTERNATIONAL CONSTRUCTION
Case #: ChLab-1007-1520
Contract: CCA & *CCA

Year Ended: May, 2006

Levinson Simon & Sprung, P.C.
Detail Report
Report Date: 12/13/2007

Contributions computed by Amount per Hour

| SSN | Name | JUN 2005 | JUL 2005 | AUG 2005 | SEP 2005 | OCT 2005 | NOV 2005 | DEC 2005 | JAN 2006 | FEB 2006 | MAR 2006 | APR 2006 | MAY 2006 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | * DZEKEVICH, MAR | | 8.00 | | | | 5.00 | | | | | | |
| 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 | * LYASH, ROMAN | | 3.00 | | | | | | | | | | |
| 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 | * VYSHNEVSKIY, S | | 14.50 | | | | | | | | | | |
| | Total Hours | | 25.50 | | | | 5.00 | | | | | | |

**Rate Table**

| Rate Table | | |
|---|---|---|
| Welfare Fund | $6.8600 | 174.93 |
| Pension Fund | $3.9400 | 100.47 |
| Training Fund | $0.1700 | 4.34 |
| IAF | $0.0700 | 1.79 |
| LDCLMCC | $0.1200 | 3.06 |
| LECET | $0.0600 | 1.53 |
| Total | | 286.11 |

| | | |
|---|---|---|
| | | 34.30 |
| | | 19.70 |
| | | .85 |
| | | .35 |
| | | .60 |
| | | .30 |
| | | 58.10 |

Levinson Simon & Sprung, P.C.
Detail Report
Report Date: 12/13/2007

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
B & M INTERNATIONAL CONSTRUCTION

Case #: ChLab-1007-1520        Year Ended: May, 2006
Contract: CCA & *CCA

Contributions computed as Percentage of Dollars Paid

| SSN | Name | JUN 2005 | JUL 2005 | AUG 2005 | SEP 2005 | OCT 2005 | NOV 2006 | DEC 2005 | JAN 2006 | FEB 2006 | MAR 2006 | APR 2006 | MAY 2006 | Tot |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | * DOMANOWSKI, A | | | | | | | | | | | | | |
| 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 | * DZEKEVICH, MAR | | 356.25 | | | | 152.50 | | 43.85 | | | | | 5 |
| 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 | * LYASH, ROMAN | | 87.00 | | | | | | | | | | | |
| 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 | * VYSHNEVSKIY, S | | 373.25 | | | | | | | | | | | 3 |
| | Total Dollars Paid | | 815.50 | | | | 152.50 | | 43.85 | | | | | 1.0 |

| Dues | 1.7500% | | 14.27 | | | | 2.67 | | .76 | | | | | |
| Total | | | 14.27 | | | | 2.67 | | .76 | | | | | 1.0 |

**Levinson Simon & Sprung, P.C.**
**Detail Report**
**Report Date: 12/13/2007**

Page 8
Employees

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
B & M INTERNATIONAL CONSTRUCTION
Case # ChLab-1007-1520    Year Ended: May, 2007
Contract: CCA & *CCA

Contributions computed by Amount per Hour

| SSN | Name | JUN 2006 | JUL 2006 | AUG 2006 | SEP 2006 | OCT 2006 | NOV 2006 | DEC 2006 | JAN 2007 | FEB 2007 | MAR 2007 | APR 2007 | MAY 2007 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | *BALINSKI, TOMAS | | | | | | | | | | | | | |
| 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 | *DOMANOWSKI, A | | | 8.00 | | | | 7.50 | 84.00 | 1.50 | 11.00 | 44.50 | 14.00 | |
| 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 | *DZEKEVICH, MAR | | | 8.00 | | | | | | | | | | |
| 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 | *GRYNYUK, PETR | | | 8.00 | | | | | | | | | | |
| 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 | *LAPINSKY, YARO | | | | | | | *10.00 | 12.00 | | | *12.00 | 20.00 | |
| 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 | *VYSHNEVSKIY, S | | | 8.00 | | | | | | | | 4.00 | | |
| | **Total Hours** | | | 32.00 | | | | 17.50 | 103.50 | 1.50 | 11.00 | 78.50 | 34.00 | 27… |

### Rate Table

| Rate Table | | JUN 2006 | JUL 2006 | AUG 2006 | SEP 2006 | OCT 2006 | NOV 2006 | DEC 2006 | JAN 2007 | FEB 2007 | MAR 2007 | APR 2007 | MAY 2007 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | $7.4600 | | | 238.72 | | | | 130.55 | 772.11 | 11.19 | 82.06 | 585.61 | 253.64 | 2,07… |
| Pension Fund | $4.8400 | | | 154.88 | | | | 84.70 | 500.94 | 7.26 | 53.24 | 379.94 | 164.56 | 1,34… |
| Training Fund | $0.1700 | | | 5.44 | | | | 2.98 | 17.60 | .26 | 1.87 | 13.35 | 5.78 | 4… |
| IAF | $0.0700 | | | 2.24 | | | | 1.23 | 7.25 | .11 | .77 | 5.50 | 2.38 | 1… |
| LDCLMCC | $0.1200 | | | 3.84 | | | | 2.10 | 12.42 | .18 | 1.32 | 9.42 | 4.08 | 3… |
| LECET | $0.0600 | | | 1.92 | | | | 1.05 | 6.21 | .09 | .66 | 4.71 | 2.04 | 1… |
| **Total** | | | | 407.04 | | | | 222.60 | 1,316.52 | 19.08 | 139.92 | 998.52 | 432.48 | 3,53… |

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
B & M INTERNATIONAL CONSTRUCTION
Case #: Chi.ab-1007-1520
Contract: CCA & *CCA                Year Ended: May, 2007

Levinson Simon & Sprung, P.C.
Detail Report
Report Date: 12/13/2007

Page 9
Employees

Contributions computed as Percentage of Dollars Paid

| SSN | Name | JUN 2006 | JUL 2006 | AUG 2006 | SEP 2006 | OCT 2006 | NOV 2006 | DEC 2006 | JAN 2007 | FEB 2007 | MAR 2007 | APR 2007 | MAY 2007 | Tot |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | *BALINSKI, TOMAS | | | | | | | | | | | | | |
| 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 | *DOMANOWSKI, A | | | | | | | | | | | | | |
| 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 | *DZEKEVICH, MAR | | | 244.00 | | | | 228.75 | 228.75 | 45.75 | 335.50 | 549.00 | 579.30 | 1,12 |
| 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 | *GRYNYUK, PETR | | | 244.00 | | | | | 2,562.00 | | | 1,357.25 | | 85 |
| 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 | *LAPINSKY, YARO | | | | | | | | 366.00 | | | 122.00 | | 4,3 |
| 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 | *VYSHNEVSKIY, S | | | 244.00 | | | | 305.00 | 366.00 | | | 366.00 | 776.80 | 1,03 |
| | Total Dollars Paid | | | 976.00 | | | | 533.75 | 3,156.75 | 45.75 | 335.50 | 2,394.25 | 1,356.10 | 8,79 |
| Dues | 1.7500% | | | 17.08 | | | | 9.34 | 55.24 | .80 | 5.87 | 41.90 | 23.73 | 153 |
| Total | | | | 17.08 | | | | 9.34 | 56.24 | .80 | 5.87 | 41.90 | 23.73 | 163 |

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
B & M INTERNATIONAL CONSTRUCTION
Case #: ChLab-1007-1520
Contract: CCA & *CCA

Year Ended: May, 2008

**Levinson Simon & Sprung, P.C.**
Detail Report
Report Date: 12/13/2007

Contributions computed by Amount per Hour

Page 10
Employees

| SSN | Name | JUN 2007 | JUL 2007 | AUG 2007 | SEP 2007 | OCT 2007 | NOV 2007 | DEC 2007 | JAN 2008 | FEB 2008 | MAR 2008 | APR 2008 | MAY 2008 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | * DOMANOWSKI, A | | | 1.00 | | | | | | | | | | |
| 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 | * DZEKEVICH, MAR | | | 2.00 | 20.00 | | | | | | | | | |
| 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 | * GRYNVYUK, PETR | | | 1.00 | | | | | | | | | | |
| 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 | * LAPINSKY, YARO | | | 24.50 | | | | | | | | | | |
| | Total Hours | | | 28.50 | 20.00 | | | | | | | | | 48 |

## Rate Table

| | Rate | | | | | | | | | | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | $7.9700 | | | 227.15 | 159.40 | | | | | | | | | | 386 |
| Pension Fund | $5.6800 | | | 161.88 | 113.60 | | | | | | | | | | 275 |
| Training Fund | $0.2200 | | | 6.27 | 4.40 | | | | | | | | | | 10 |
| IAF | $0.0700 | | | 2.00 | 1.40 | | | | | | | | | | 3 |
| LDCLMCC | $0.1200 | | | 3.42 | 2.40 | | | | | | | | | | 5 |
| LECET | $0.0500 | | | 1.71 | 1.20 | | | | | | | | | | 2 |
| Total | | | | 402.42 | 282.40 | | | | | | | | | | 684. |

**Levinson Simon & Sprung, P.C.**
Detail Report
**Report Date: 12/13/2007**

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
B & M INTERNATIONAL CONSTRUCTION
Case #: ChLab-1007-1520          Year Ended: May, 2008
Contract: CCA & *CCA

Contributions computed as Percentage of Dollars Paid

| SSN | Name | JUN 2007 | JUL 2007 | AUG 2007 | SEP 2007 | OCT 2007 | NOV 2007 | DEC 2007 | JAN 2008 | FEB 2008 | MAR 2008 | APR 2008 | MAY 2008 | Tota |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | * DOMANOWSKI, A | | | 33.15 | | | | | | | | | | |
| 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 | * DZEKEVICH, MAR | | | 66.30 | | | | | | | | | | |
| 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 | * GRYNYUK, PETR | | | 33.20 | 462.95 | | | | | | | | | 5 |
| 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 | * LAPINSKY, YARO | | | 812.18 | | | | | | | | | | 8 |
| | Total Dollars Paid | | | 944.83 | 482.95 | | | | | | | | | 1,4 |
| Dues | | | | 25.98 | 12.73 | | | | | | | | | 3 |
| Total | | | | 25.98 | 12.73 | | | | | | | | | 3 |

Dues   2.7500%

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
B & M INTERNATIONAL CONSTRUCTION

Case #: ChLab-1007-1520
Contract: CCA & *CCA

Year Ended: May, 2006

Levinson Simon & Sprung, P.C.
Detail Report
Report Date: 12/13/2007

Page 13

Others/Unknown

Contributions computed by Amount per Hour

| SSN | Name | | JUN 2005 | JUL 2005 | AUG 2006 | SEP 2005 | OCT 2005 | NOV 2005 | DEC 2005 | JAN 2006 | FEB 2006 | MAR 2006 | APR 2006 | MAY 2006 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | * BALINSKI, TOMAS | | | | | | | | | | 3.00 | | | | 3.(t) |
| | | Total Hours | | | | | | | | | 3.00 | | | | 3.( |

Rate Table

| | | JUN 2005 | JUL 2005 | AUG 2006 | SEP 2005 | OCT 2005 | NOV 2005 | DEC 2005 | JAN 2006 | FEB 2006 | MAR 2006 | APR 2006 | MAY 2006 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | $6.8600 | | | | | | | | | 20.58 | | | | 20 |
| Pension Fund | $3.9400 | | | | | | | | | 11.82 | | | | 11 |
| Training Fund | $0.1700 | | | | | | | | | .51 | | | | |
| Total | | | | | | | | | | 32.91 | | | | 32 |

Levinson Simon & Sprung, P.C.
Detail Report
Report Date: 12/13/2007

Page 14

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
B & M INTERNATIONAL CONSTRUCTION
Case #: ChLab-1007-1520
Contract: CCA & *CCA

Year Ended: May, 2008

Contributions computed by Amount per Hour

Others/Unknown

| SSN | Name | JUN 2007 | JUL 2007 | AUG 2007 | SEP 2007 | OCT 2007 | NOV 2007 | DEC 2007 | JAN 2008 | FEB 2008 | MAR 2008 | APR 2008 | MAY 2008 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | *BALINSKI, TOMAS | | | | | 72.00 | | | | | | | | 72.0 |
| 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 | *DOMANOWSKI, A | | | | | 40.00 | | | | | | | | 40. |
| 326047750 | *GRYNYUK, PETR | | | | | 45.00 | | | | | | | | 45. |
| 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 | *LAPINSKY, YARO | | | | | 69.00 | | | | | | | | 69. |
| | Total Hours | | | | | 226.00 | | | | | | | | 226. |

**Rate Table**

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | $7.9700 | | | | | 1,801.22 | | | | | | | | 1,801.2 |
| Pension Fund | $5.6800 | | | | | 1,283.68 | | | | | | | | 1,283.6 |
| Training Fund | $0.2200 | | | | | 49.72 | | | | | | | | 49.7 |
| Total | | | | | | 3,134.62 | | | | | | | | 3,134.6 |

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
B & M INTERNATIONAL CONSTRUCTION
Case #: ChLab-1007-1520          Year Ended: May, 2008
Contract CCA & *CCA

Levinson Simon & Sprung, P.C.
Detail Report
Report Date: 12/13/2007

Page 16
Fax from   Subcontractors

Contributions computed by Amount per Hour

| SSN | Name | JUN 2007 | JUL 2007 | AUG 2007 | SEP 2007 | OCT 2007 | NOV 2007 | DEC 2007 | JAN 2008 | FEB 2008 | MAR 2008 | APR 2008 | MAY 2008 | Tot |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 96-2730416 | *BALINSKI, T | | | | | 40.00 | | | | | | | | |
| 33-3847537 | *DOMANOWSKI, A | | | | | 18.00 | | | | | | | | |
| 32-6047750 | *GRYNYUK, P | | | | | 23.00 | | | | | | | | |
| 41-6913009 | *LAPINSKI, Y | | | | | 26.00 | | | | | | | | |
| | Total Hours | | | | | 107.00 | | | | | | | | 1 |

Rate Table

| | | Total |
|---|---|---|
| IAF | $0.0700 | 7.49 |
| LDCLMCC | $0.1200 | 12.84 |
| LECET | $0.0600 | 6.42 |
| Total | | 26.75 |

LABORS FIELD DEPT

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
B & M INTERNATIONAL CONSTRUCTION
Case #: ChLab-1007-1520
Contract: CCA & *CCA          Year Ended: May, 2008

Levinson Simon & Sprung, P.C.
Detail Report
Report Date: 12/13/2007

Page 17
Subcontractors

Contributions computed as Percentage of Dollars Paid

| SSN | Name | JUN 2007 | JUL 2007 | AUG 2007 | SEP 2007 | OCT 2007 | NOV 2007 | DEC 2007 | JAN 2008 | FEB 2008 | MAR 2008 | APR 2008 | MAY 2008 | Tot... |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 90-2730416 | *BALINSKI, T | | | | | 1,326.80 | | | | | | | | 1,3... |
| 33-3847537 | *DOMANOWSKI, A | | | | | 696.70 | | | | | | | | 6... |
| 32-6047750 | *GRYNYUK, P | | | | | 782.45 | | | | | | | | 7... |
| 41-5913009 | *LAPINSKI, Y | | | | | 861.90 | | | | | | | | 8... |
| | Total Dollars Paid | | | | | 3,547.85 | | | | | | | | 3,54... |

| | | JUN 2007 | JUL 2007 | AUG 2007 | SEP 2007 | OCT 2007 | NOV 2007 | DEC 2007 | JAN 2008 | FEB 2008 | MAR 2008 | APR 2008 | MAY 2008 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 2.7500% | | | | | 97.57 | | | | | | | | |
| Total | | | | | | 97.57 | | | | | | | | |

**Levinson Simon & Sprung P.C.**
**Payroll Audit Information Sheet**

Page 1

| | | | |
|---|---|---|---|
| **EMPLOYER'S NAME** | GEMINI'L CONSTRUCTION | **EMPLOYER #** | 30325 |
| **ADDRESS** | 950 N Milwaukee Ste 209 | **PHONE #** | 773 2765303 |
| **CITY STATE ZIP** | Glenview IL 60025 | **FAX #** | 847 6999892 |
| **EMAIL ADDRESS** | joannamaleck@yahoo.com | **FEIN** | 36-4015841 |
| **DATE OF CONTRACT** | 11/26/07 | **AUDIT PERIOD** | October 31, 2007 |
| **CONTACT'S NAME** | JOANNA MALECKI | **TITLE** | |
| **PERSON FUND IS TO CONTACT** | | **TITLE** | |
| **ENTITY TYPE** | CORPORATION | **# OF EMPLOYEES** | 45 |
| | | **AVE # PER MONTH** | 6 |
| **BUSINESS ACTIVITY** | CONSTRUCTION | | |

| | | | |
|---|---|---|---|
| PAUL MALECKI | President | 100% | 950 N Milwaukee, Glenview |
| | | | |
| | | | |

**BANKING FACILITIES USED AND ACCOUNT NUMBER** HB FINANCIAL BANK  013000 1991

**IS EMPLOYER STILL IN BUSINESS?** ☒ YES  ☐ NO

**DOES EMPLOYER HAVE INTEREST IN ANY OTHER COMPANY?** ☐ YES  ☒ NO

**IF YES, LIST NAMES OF SAME**

N/A

**IS EMPLOYER A MEMBER OF ANY TRADE ORGANIZATION/ASSOCIATION?** ☐ YES  ☒ NO

**IF YES, LIST NAMES OF SAME**

N/A

**INFORMATION PROVIDED BY:**

JOANNA MALECKI

**TITLE:**

Bookkeeper

**Levinson Simon & Sprung P.C.**
**Payroll Audit Information Sheet**

AUDIT DATE 11-26-07

AUDIT SITE (IF DIFFERENT FROM EMPLOYER'S ADDRESS same

ALL REQUIRED ACCOUNTING RECORDS WERE AVAILABLE WITH THE EXCEPTION OF

—

BRIEFLY DESCRIBE THE NATURE OF THE DELINQUENCY, IF ANY

under - reported hours and wages

DID YOUR EXAMINATION UNCOVER ANYTHING SPECIAL OR UNUSUAL WHICH SHOULD BE BROUGHT TO THE ATTENTION OF THE FUND COUNSEL OR OTHER INTERESTED PERSONS?

☐ YES ☒ NO

IF YES, EXPLAIN

AUDITOR Mitch

# LABORERS' PENSION & WELFARE FUNDS

12/27/2007

AUDIT   2-1-04-10-31-07

EMPLOYER   B & M INTERNATIONAL CONSTRUCTION   CODE   30325

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

| ADDITIONAL HOURS | HOURS | WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | MCIAF | RATE | CAICA | RATE | LECET | RATE | CISCO | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-1-03-5-31-04 | 1.00 | 4.17 | 4.17 | 3.38 | 3.38 | 0.17 | 0.17 | 0.51 | 0.12 | 0.12 | 0.07 | 0.07 |  |  | 0.06 | 0.06 |  |  | 8.71 |
| 6-1-04-5-31-05 | 61.00 | 384.91 | 6.31 | 209.84 | 3.44 | 10.37 | 0.17 | 32.73 | 7.32 | 0.12 | 4.27 | 0.07 |  |  | 3.66 | 0.06 |  |  | 653.1 |
| 6-1-05-5-31-06 | 30.58 | 209.78 | 6.86 | 120.49 | 3.94 | 5.20 | 0.17 | 17.70 | 3.67 | 0.12 | 1.83 | 0.07 |  |  | 1.83 | 0.06 |  |  | 360.8 |
| 6-1-06-5-31-07 | 278.00 | 2,073.88 | 7.46 | 1,345.52 | 4.84 | 47.26 | 0.17 | 153.97 | 33.36 | 0.12 | 19.46 | 0.07 |  |  | 16.68 | 0.06 |  |  | 3,690.1 |
| 6-1-07-10-31-07 | 48.50 | 386.55 | 7.97 | 275.48 | 5.68 | 10.67 | 0.22 | 38.71 | 5.82 | 0.12 | 3.40 | 0.07 |  |  | 2.91 | 0.06 |  |  | 723.5 |
| MEN NOT REPORTED |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| 6-1-05-5-31-06 | 3.00 | 20.58 | 6.86 | 11.82 | 3.94 | 0.51 | 0.17 |  |  |  |  |  |  |  |  |  |  |  | 32.9 |
| 6-1-06-5-31-07 | 226.00 | 1,801.22 | 7.97 | 1,283.68 | 5.68 | 49.72 | 0.22 |  |  |  |  |  |  |  |  |  |  |  | 3,134.6 |
| 6-1-07-10-31-07 | 107.00 |  |  |  |  |  |  | 97.57 | 12.84 |  | 7.49 | 0.07 |  |  | 6.42 | 0.06 |  |  | 124.3 |
| JUNE-07-NSR |  |  | 7.97 |  | 5.68 |  |  |  |  | 0.12 |  |  |  |  |  | 0.06 |  |  | 4,327.4 |
| DUES-SHORTAGES | 312.00 | 2,486.64 |  | 1,772.16 |  | 68.64 | 0.22 | 200.00 |  |  |  |  |  |  |  |  |  |  | 200.0 |
| SUBTOTAL | 1,067.08 | 7,367.73 |  | 5,022.37 |  | 192.54 |  | 541.19 | 63.13 |  | 36.83 |  | - |  | 31.56 |  | - |  | 13,255.3 |
| 10% PENALTIES |  | 269.34 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 509.7 |
| 20% PENALTIES |  | 437.55 | 6.31 | 167.92 |  | 6.31 |  | 54.12 | 6.31 |  | 2.60 |  | - |  | 3.16 |  | - |  | 762.5 |
|  |  |  | 11.01 | 311.84 |  | 11.01 |  |  |  |  | 2.18 |  |  |  |  |  |  |  |  |
| AUDIT COSTS |  | 647.50 |  | 647.50 |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 1,295.0 |
| ATTORNEY FEES |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| DUES-SHORTAGES |  |  |  |  |  |  |  | 13.82 |  |  |  |  |  |  |  |  |  |  | 851.7 |
| ACCUM. PENALTIES |  | 497.33 |  | 354.43 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| ACCUM. INTEREST |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| TOTAL DUE |  | 9,219.45 |  | 6,504.06 |  | 209.86 |  | 609.13 | 69.44 |  | 41.61 |  | - |  | 34.72 |  | - |  | 16,674.4 |

EXHIBIT
B-1